UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE ALLEN,

        Plaintiff,

v.

VETBUILT SERVICES, INC.,

        Defendant.

CASE NO. 2:15-cv-12340

HON. MARIANNE O. BATTANI

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Andre Allen filed this employment civil rights action against Defendant Vetbuilt Services, Inc. on June 30, 2015. On October 30, 2015, the Court referred this action to Magistrate judge Mona K. Majzoub for all pretrial proceedings, including a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 626(b)(1)(B).

In December 2015, Defendant Vetbuilt Services, Inc. filed a Motion for Summary Judgment. On August 11, 2017, Magistrate Judge Majzoub issued a Report and Recommendation (R&R), recommending that Defendant's Motion for Summary Judgment be granted with regard to Plaintiff's retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws §37.2101, *et seq.* and denied as to Platiniff's sexual harassment claims under Title VII and ELCRA. (Doc. No. 47). For the following reasons, the Court **ADOPTS** the Magistrate Judge's R&R (Doc. 41) and **GRANTS in part and DENIES in part** Defendant's Motion for Summary Judgment.

## I. INTRODUCTION AND STATEMENT OF FACTS

Plaintiff, Andre Allen, filed suit against his former employer, alleging claims of sexual harassment and retaliation pursuant to Title VII and ELCRA. The parties have not objected to the R&R's summary of the facts. Therefore, the Court adopts that portion of the R&R. (See Doc. 47, pp. 2-6).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), a district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See also United States v. Raddatz, 447 U.S. 667, 674 (1980); Fed. R. Civ. Pro. 72(b)(3) (stating that a "district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"); E.D. Mich. LR 72.1(d)(2). In conducting a *de novo* review, the Court should look to the relevant pleadings and evidence put forth in motions; a failure to file objections, or a failure to file specific objections, constitutes waiver. See Thomas v. Arn, 474 U.S. 140, 142 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

## III. ANALYSIS

After reviewing all of the relevant filings, the Magistrate Judge recommended that Plaintiff's sexual harassment/hostile work environment claims proceed. According to the Magistrate Judge, not only did Allen find his work environment to be "severely hostile," a "reasonable jury could perceive his work environment as hostile." (Doc. No.

47, pp. 10-11). In sum, the evidence in the record, although contested, showed the existence of a question of fact as to whether Defendant knew about or should have known about the sexual harassment, and whether a hostile work environment existed.

As for the retaliation claims, however, the Magistrate Judge found that Allen had failed to create a prima facie case because the evidence did not support a finding that he had engaged in protected activity or a causal connection between the activity and the adverse employment action. (Doc. No. 47, pp. 14-15).

The Magistrate Judge informed the parties that they had fourteen days from service to file objections to the Report and Recommendation, and that a party's failure to file objections would waive any further right of appeal. (Doc. No. 47, p. 16). Because no objection has been filed in this case, the parties have waived their right to review and appeal. Moreover, the Court finds the analysis thoroughly recounted the facts and properly applied the governing law in reaching the recommendations set forth in the R&R.

## IV. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the R&R and **GRANTS in part and DENIES in part** Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Date: September 28, 2017

s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 28, 2017.

                                                                   s/ Kay Doaks
                                                                   Case Manager